IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WANDA CONROY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 14 C 6725 |
| | ) |
| BLATT, HASENMILLER, LEIBSKER & MOORE, LLC, | ) |
| | ) |
| Defendant. | ) |

# **OPINION AND ORDER**

Wanda Conroy ("Conroy") brings this action against attorneys Blatt, Hasenmiller, Leibsker & Moore, LLC ("Blatt") alleging violation of the Fair Debt Collection Practices Act ("FDCPA"), specifically, 15 U.S.C. § 1692i(a)(2). The court has jurisdiction of the subject matter and the parties. *See* 28 U.S.C. §§ 1331, 1391.

This case arises out of the location of a debt collection lawsuit filed against Conroy on January 31, 2014 by Blatt on behalf of Unifund CCR, LLC in the Circuit Court of Cook County, Illinois, No. 14-MI-105430 ("the collection case") seeking to recover a $15,921.22 debt incurred on a credit card issued by Citibank. The debt was acquired by Unifund. On August 30, 2014, Convoy filed this lawsuit alleging that Blatt violated the venue provision of the FDCPA,

15 U.S.C. § 1692i(a)(2), by filing the collection case in the First Municipal District of the Cook County Circuit Court, the Daley Center, rather than in the Fifth Municipal District, the Bridgeview courthouse, in an area where plaintiff resides.

The case is now before the court on cross-motions for summary judgment. A party is entitled to summary judgment if it is shown that there is no genuine issue of material fact and it is entitled to judgement as a matter of law. Fed. R. Civ. P 56(a). The court views the record in a light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. ***Crawford v. Metro. Gov't of Nashville & Davidson Cnty., Tenn.***, 555 U.S. 271, 274 n.1 (2009); ***Laskin v. Siegel***, 728 F. 3d 731, 734 (7th Cir. 2013). Here, the parties agree that the material facts are undisputed as to a key legal issue and that aspect of their dispute can be resolved as a matter of law.

When Blatt filed the collection case in January 2014, the term "judicial district" in the FDCPA's venue provision, § 1692i(a)(2), as construed and applied in ***Newsom v. Friedman***, 76 F.3d 813 (7th Cir. 1996), was held to mean the Cook County Circuit Court as established by the Illinois legislature and not the municipal subdivisions established by the Circuit Court. As long as the debtor

resided anywhere within Cook County, it was proper to file a collection case in the First Municipal District, at the Daley Center. *Id.* at 819-20.

On July 2, 2014, a divided *en banc* court, reviewing an Indiana court system, overruled *Newsom* (which had been followed in an earlier divided panel decision) and held that "judicial district" meant instead the smallest existing geographical unit within a state court system. ***Suesz v. Med-1 Solutions, LLC***, 757 F.3d 636 (7th Cir.) (*en banc*), *cert. denied*, 135 S. Ct. 756 (2014). As applied to the Cook County Circuit Court, the ruling means a Municipal District.

The pending collection case was transferred to the Fifth District Bridgeview courthouse on July 15, 2014, less than two weeks after ***Suesz*** was decided.

The primary legal issues presented in the cross-motions are whether (1) the filing of the collection case in the First Municipal District was a bona fide error within the meaning of the FDCPA provision precluding liability for bona fide errors by parties who maintain reasonable procedures to avoid errors; or (2) Blatt's reliance on controlling judicial precedent brings it within the FDCPA's "Safe Harbor" for acts done in good faith compliance with FTC advisory opinions; or (3) ***Suesz*** should not be applied retroactively to Blatt.

A factual issue exists concerning whether plaintiff's proof establishes that the collection case is based on consumer debt. The FDCPA defines debt as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5).

The resolution of the legal issues presented has divided judges of this court concerning the conduct of Blatt. In *Oliva v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 2015 WL 4253795 (N.D. Ill. July 14, 2015), Judge Bucklo held that the bona fide error defense was available because the defendant was following a controlling authority, and that, if the Seventh Circuit had overruled *Newsom* in a case involving the Circuit Court of Cook County, it likely would have applied its ruling on a prospective basis only. However, in *Portalatin v. Platt, Hasenmiller, Leibsker & Moore*, LLC, 2015 WL 5117077 (N.D. Ill. Aug. 28, 2015), Judge Kennelly held that the bona fide error affirmative defense is not available in connection with a legal interpretation of the FDCPA and that the *Suesz* ruling was retroactive.

The FDCPA provides a statutory defense for bona fide errors: "A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c).

The FDCPA also provides a safe harbor for a defendant's reliance upon FTC advisory opinions, providing: "No provision of this section imposing any liability shall apply to any act done or omitted in good faith in conformity with any advisory opinion of the Bureau, notwithstanding that after such act or omission has occurred, such opinion is amended, rescinded, or determined by judicial or other authority to be invalid for any reason." 15 U.S.C. § 1692k(e).

Blatt's bona fide error defense must be considered in the light of the Supreme Court's holdings in *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573 (2010). Section 1692g(a) of the FDCPA, requires debt collectors to advise debtors of their right to dispute a debt. The debt collector in *Jerman* sent the plaintiff the required notice but added that any dispute of the debt must be in writing. At the time there was a division of case authority on whether it was permissible to state that the debtor's dispute must be in writing. Later it was

resolved that the dispute need not be in writing. When sued for violation of the FDCPA, the debt collector asserted the bona fide error defense. The district court, acknowledging the split of authority and granted summary judgement in favor of the debt collector, finding that the bona fide error defense is not limited to clerical or factual errors, but extends to mistakes of law. The Sixth Circuit Court of Appeals affirmed and the plaintiff appealed to the Supreme Court. The Supreme Court held that the bona fide error defense does not apply to a violation of he FDCPA resulting from a debt collector's incorrect interpretation of the requirements of the statute. The Court declined to adopt a reading of the statute which would be in conflict with the maxim that ignorance of the law will not excuse any person, either civilly or criminally. *Id.* at 574. The court stated:

> [W]hen Congress has intended to provide a mistake-of-law defense to civil liability, it has often done so more explicitly than here. In particular, the FTC Act's administrative-penalty provisions--which, as noted above, Congress expressly incorporated into the FDCPA--apply only when a debt collector acts with "actual knowledge or knowledge fairly implied on the basis of objective circumstances" that its action was "prohibited by [the FDCPA]." 15 U.S.C. §§ 45(m)(1)(A), (C). Given the absence of similar language in § 1692k(c), it is a fair inference that Congress chose to permit injured consumers to recover actual damages, costs, fees, and modest statutory damages for "intentional" conduct, including violations resulting from mistaken interpretation of the FDCPA, while reserving the

> more onerous penalties of the FTC Act for debt collectors whose intentional actions also reflected "knowledge fairly implied on the basis of objective circumstances" that the conduct was prohibited.

*Id.* at 583-584.

The Supreme Court held that "the bona fide error defense in § 1692k(c) does not apply to a violation of the FDCPA resulting from a debt collector's incorrect interpretation of the requirements of the statute." *Id.* at 604-05. That holding applies to this case.

Blatt relies on ***Kort v. Diversified Collection Servs., Inc.***, 394 F.3d 530, 533 (7th Cir. 2005), in support of its theory that reliance on a judicial interpretation of the FDCPA entitles it to a bona fide error defense. However, in *Kort*, the debt collector used a mandatory form based on the Department of Education's interpretation of the Higher Education Act. Later the form was found to be in conflict with law. The Court concluded that the debt collector's error was not intentional and made in good faith. That is not this case. Blatt relied on Circuit authority, but it is also true that it made an intentional decision to file the collection case in the First rather than the Fifth District. It was not compelled by *Newsom* to file in the First District. A filing in the Fifth District would have been

in keeping with the intent of the FDCPA venue provision. Based on the holdings in the *Jerman* case, neither the bona fide error nor the safe harbor defense is available in this case.

As to the particular circumstances of this case, Blatt makes an appealing, but unpersuasive, argument for prospective rather than retrospective application of the *Suesz* case. ***Chevron Oil Co. v. Huson***, 404 U. S. 97, 107 (1971), and ***Velasquez-Garcia v. Holder***, 760 F.3d 571, 580 (7th Cir. 2014), are cited in support of this position. However, in *Suesz* the court rejected a request to make its ruling prospective. The court stated: "Prospective overruling on reliance grounds is impermissible unless the law had been so well settled before the overruling that it had been unquestionably prudent for the community to rely on the previous legal understanding." 757 F.3d at 650. The case was found not to meet that test.

The Supreme Court has made clear that a decision as to whether a new rule should be given prospective or retroactive effect should be made at the time of the decision. ***Teague v. Lane,*** 489 U.S. 288, 316 (1989) That is what happened in *Suesz.* The court considered and declined the request to make its ruling prospective. A district court has no authority to alter such a ruling.

It is doubtful that the ***Chevron*** standard for prospective application of judicial decisions cited by Blatt is good law in this circuit. In ***Felzen v. Andreas***, 134 F.3d 873, 877 (7th Cir. 1998), *aff'd sub nom.*, ***Cal. Pub. Emps.' Ret. Sys. v. Felzen***, 525 U.S. 315 (1999) (cited in ***Suesz***, 757 F.3d at 649), the court stated that ***Chevron*** had been overruled.

*Velasquez-Garcia* involved the application of a new agency rule which the court decided should have only prospective application. Different standards apply to agency rules and court decisions as was made clear in ***Velasquez-Garcia***. Agency rules, similar to legislative acts, are presumably prospective. The reverse is true of court decisions. 760 F.3d at 580. *See also The Retroactive & Prospective Application of Judicial Decisions*, 26 Harv. J.L. & Pub. Pol'y. 811 (2003). ***Velasquez-Garcia*** is not authority for a prospective application of ***Suesz*** in this case.

Neither the bona fide error defense nor safe harbor defense is available in this case. However, there remains a fact question as to the nature of the debt which precludes granting summary judgement as to liability in favor of plaintiff. Prior to the next status hearing the parties shall discuss the possibility of settlement.

IT IS THEREFORE ORDERED that defendant's motion for summary judgment [23] is denied and plaintiff's motion for summary judgment [20] is granted in part and denied in part. Status hearing is set for October 8, 2015 at 2:00 p.m.

ENTER:

*[signature: William T. Hart]*
UNITED STATES DISTRICT JUDGE

DATED: OCTOBER 1, 2015